No. 17,781.

DENVER DEPARTMENT OF PUBLIC WELFARE *v.* ANDREW WYSOWATCKY, ADMINISTRATOR OF THE ESTATE OF MELINDA MUNKRESS, DECEASED.

(292 P. [2d] 735)

Decided January 23, 1956.

154

Mr. John C. Banks, Mr. Frank A. Elzi, for plaintiff in error.

Mr. Martin I. Steinberg, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Melinda Munkress died intestate in the City and County of Denver, Colorado, on June 10, 1954. The public administrator petitioned the county court for letters of administration on June 21, 1954, and estimated the personal estate of deceased at $1,500. Deceased was eighty-eight years old and had no known heirs. Deceased applied for old age benefits on September 1, 1937, and listed her only assets as being one Series "A" $500 bond of Real Properties, Inc., an Ohio corporation, another bond, Series "B" with face value of $600 and ten shares of common stock in the same corporation. The welfare department in May 1938 determined the market value of these securities to be $222. The deceased received old

age pension payments from September 19, 1937, through September 1948. During this nine-year period representatives of the welfare department visited deceased on seventeen occasions, at which times deceased declared the securities above mentioned as her only assets. In September, 1948, the department revaluated the securities and determined the value to be $1,051.10 and thereby removed deceased from the pension rolls and the securities were sold for the appraised amount.

In November 1954 the welfare department filed its claim against decedent's estate in the total amount of $9,721.43 including interest. This claim represented the amount paid deceased while she was ineligible to receive a pension.

A stipulation was entered into between the department and the public administrator to the effect that the cash value of the securities owned by decedent exceeded $750 at all times from the month of June 1944 through the month of September 1948, and the claim for that period was tried on this stipulation. The claim as filed for other amounts was then dismissed with the exception of the claim of $84.05 for the month of June 1954, which was agreed to be a valid claim. On hearing the trial court entered judgment of dismissal of the welfare department's claim, which judgment is the subject of this review.

The argument of the department, plaintiff in error, is summarized as follows:

1. A recovery can be had for all monies paid out for the entire time an old age pension recipient was disqualified and is not limited to the amount possessed by the pensioner in excess of the sum which determines his eligibility.

2. There is no difference under the Old Age Pension law between liquid or cash assets and other personal and real property in determining a person's eligibility to receive the pension.

3. The trial court erred in dismissing the claim of

plaintiff from June 1944 through September of 1948.

The statute governing the limitation of assets in such cases is C.R.S. '53, 101-1-6, and is as follows:

"No applicant otherwise qualified to receive a pension shall be denied a pension by reason of the fact that he is the owner of real estate occupied by him as a residence, nor shall any applicant otherwise qualified to receive a pension be denied a pension by reason of the fact that he is the owner of personal property which is by the laws of Colorado exempt from execution or attachment, and no person shall be denied a pension by reason of the fact that he is the owner of real estate other than real estate occupied by him as a residence, personal property, or possesses a cash surrender value of a life insurance policy in the total amount not in excess of seven hundred and fifty dollars; provided, however, an applicant or recipient may be denied a pension in the event he is the owner of real estate, personal property, or possesses a cash surrender value of a life insurance policy in the total amount in excess of seven hundred and fifty dollars; and no recipient of a pension shall be required, in order to receive such pension to repay or promise to repay the state of Colorado any money paid to him as an old age pension."

Under the provisions of the statutes in old age pension matters the state department of public welfare adopted rules and regulations setting out exemptions which it is unnecessary to itemize, and after specifying the exemptions, the rule states:

"Any property other than that listed above owned by an applicant or recipient must be considered in determining his eligibility for OAP and such secondary property may not exceed the statutory maximum of seven hundred fifty dollars."

The trial court ruled that the department was not limited to the statutory remedy based upon fraud and could pursue any pension funds which were illegally paid, notwithstanding the fact that there might have

been a lack of fraud involved, and, also, that a recovery could be had by reason of a mistake. It determined however that there was no fraud involved in this action, only a mistake on the part of either the pensioner or the department.

Counsel for defendant in error bases defense on the question: Should an old age pensioner be prejudiced when, after full disclosure of all of her assets, there have been slight fluctuations in the value of her securities? By way of argument counsel injects the following questions:

Is the statutory remedy based upon fraud an exclusive remedy?

Can plaintiff pursue funds paid by reason of a mistake?

In support of the argument counsel contends that under the circumstances here presented it would be unjust and inequitable to prejudice the pensioner, who was an elderly spinster, because of slight fluctuations in the value of the securities. Counsel makes no showing of any change in the position on the part of the pensioner as a result of any action on the part of either the department or the pensioner.

█ If the securities at all times during the period here involved, that is, from the month of June 1944 through the month of September 1948, exceeded $750, the allowable exemption, as is shown by the stipulation of the parties in the record, how can it successfully be contended that this did not terminate the eligibility and the pension? We believe that proposition is firmly and clearly established by the decision of this court in the case of *Kostelc v. Lake County Department of Public Welfare*, 122 Colo. 481, 223 P. (2d) 614. To have a continuing eligibility there must be a total absence of assets in excess of the statutory exemption. The stipulation that the assets did so exceed the maximum amount should, and does, fully determine the issue here involved.

██ The burden of proving continued eligibility is

placed squarely upon the pensioner and it is made mandatory that if at any time the recipient of a pension grant becomes possessed of any property in excess of the amount stated in the application, it is his duty to notify the department of the possession of such property, and if it is disclosed that the pensioner was in possession of property or securities that exceeded in value the maximum amount allowed, then there need not be any showing of fraud in order to recover, if it has been a mistake either on the part of the pensioner or the department. The mistake may be unilateral, nevertheless if there was an excess of assets in the hands of the pensioner it is recoverable. Moreover there are substantial reasons for recovery of such payments by an agency or department of the government, as in this case, because the operation of the department must rest upon the acts of those who may be ignorant of the importance of the limitations prescribed, or they may be careless, or unfaithful, all to the injury of the department, which in turn would be an indirect injury to all who are, or might become, beneficiaries under the pension law.

If the pensioner was ineligible to receive money with consequent prejudice to the welfare fund, then the right to recover money so paid is at once apparent and does not depend upon the rules applicable to voluntary payment or mutual mistake as in the case of individuals. We believe a quotation from *Kostelc v. Lake County Department of Public Welfare, supra,* is applicable and answers the questions here involved:

"Under the statutory provisions hereinabove set forth, the continuing eligibility of a pension recipient depends on an absence of assets in excess of the maximum values fixed by statute. A pensioner who acquires—by whatever means—a sum in excess of the amount which determines his need for pension, becomes immediately ineligible for benefits until the excess which determines his need for pension is expended in self support. The acceptance on the part of a pension recipient of a pension

check, is in effect an affirmative representation that no assets have been acquired by him which in any manner disqualifies him to receive the benefit provided by the pension law. Neither the pensioner in his lifetime, nor his heirs thereafter, can retain moneys which are shown to have been paid out to one not eligible to receive it. A recovery can be had of all moneys paid out for the entire time the recipient was in fact disqualified to receive the pension and the county department is not limited in the recovery to the amount possessed by the pensioner in excess of the sums which determines eligibility."

The effective part of that decision is that the continuing eligibility depends on an absence of assets in excess of the maximum value fixed by statute, by whatever means acquired, including an accretion in value as in the case before us.

While the entire record of the probate proceedings, including the inventory in the estate, is not before us, it is interesting to note that the estimate of the value of the estate made by the petitioner for letters of administration was $1500, and that deceased was drawing the pension at the time of her death.

In accordance with the views herein expressed the judgment of the trial court is reversed and the cause remanded with directions to reinstate and allow the claim of the department and enter judgment accordingly.